# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### ANTHONY HARRIS v. STATE OF TENNESSEE, STEPHEN DOTSON, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 89-S-1189    J. Randall Wyatt, Jr., Judge**

**No. M2007-02546-CCA-R3-CD - Filed June 16, 2008**

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, Anthony Harris, has appealed the trial court's order dismissing his petition for writ of habeas corpus in which Petitioner alleged that he was ineffectively represented and that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for habeas corpus relief and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Anthony L. Harris, pro se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to the record on appeal, Petitioner was convicted by a Davidson County jury of armed robbery and aggravated kidnapping in 1990. As a result, Petitioner was sentenced as a career offender to sixty years for aggravated kidnapping and thirty years for armed robbery. The sentences were ordered to be served consecutively to each other and consecutive to "sentences defendant was serving at [the] time of this offense." In September of 2007, Petitioner filed the present petition for

habeas corpus relief in which he argued that his sentences violated *Blakely v. Washington*, 542 U.S. 296 (2004), and that he received ineffective assistance of counsel. The trial court dismissed the petition without a hearing because Petitioner did not file the petition in the appropriate forum. Petitioner filed a timely notice of appeal.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

The State argues that the trial court properly dismissed the petition because it was filed in the improper venue. We agree. Petitioner is incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee in Hardeman County. He filed his writ in the Davidson County Criminal Court. Petitioner does not offer any reasons for filing in a court other than one that is closest in distance to his place of incarceration, as provided in Tennessee Code Annotated section 29-21-105.

Under Tennessee Code Annotated section 29-21-105, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Petitioner has failed to comply with Tennessee Code Annotated section 29-21-105, and this alone is an adequate basis for the trial court to dismiss his petition. *See James M. Grant v. State*, No. M2006-01368-CCA-R3-HC, 2007 WL 2805208 (Tenn. Crim. App., at Nashville, Oct. 2, 2006). Therefore, we affirm the habeas corpus court's summary dismissal of Petitioner's petition for habeas corpus relief.

Furthermore, Petitioner's claim of ineffective assistance of counsel is not a colorable claim for habeas corpus relief. This claim would render his judgment only voidable, not void. *See State v. Archer*, 851 S.W.2d 157, 164 (Tenn. 1993); *Passarella*, 891 S.W.2d at 627. Finally, this Court has consistently held that *Blakely* challenges are not cognizable in collateral proceedings. *See Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *12 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied*, (Tenn. Apr. 7, 2008).

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE